Walter Gilbert CONNOR, Appellant,

v.

STATE of Texas, Appellee.

No. 04–81–00128–CR.

Court of Appeals of Texas, San Antonio.

Sept. 8, 1982.

Discretionary Review Granted Dec. 15, 1982.

Susan B. Biggs, San Antonio, for appellant.

Bill White, Dist. Atty., John Horn, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and BASKIN, JJ.

## OPINION

BASKIN, Justice.

This is an appeal from a conviction for theft of property of the value of $200.00 or more but less than $10,000.00. After the jury found appellant guilty, he elected to try the issue of punishment to the trial court. After finding the enhancement allegations of the indictment to be true, the trial court assessed punishment at life imprisonment. Tex.Penal Code Ann. § 12.-42(d) (Vernon 1974).

On the afternoon of July 4, 1979, officer Gary Selman of the Live Oak Police Department was on patrol with Edward Niland, a college student on duty as a police intern, when the two men saw an oncoming car that their radar device indicated was exceeding the speed limit. They turned their car around and pursued the speeding vehicle, which finally stopped after a chase that reached speeds of almost 100 miles per hour. The driver, identified in court as appellant, abandoned the car and fled on foot into some woods, with Niland and Selman in pursuit. Niland reached appellant first, and held him in a prone position by putting a knee into his back. Although Niland was unarmed, he placed a finger to the back of appellant's head and told him not to move or "I'll kill you." Niland then asked why appellant had fled, and appellant stated that the car was stolen. Selman arrived with handcuffs and appellant was taken to the police car. Upon arriving at the car, appellant became ill and vomited. According to Niland and Selman, appellant was then warned of his rights under Tex. Code Crim.Pro.Ann. art. 38.22 (Vernon 1979) while at the police car, and then appellant again stated that the car was stolen and volunteered that there were stolen weapons in the car. According to appellant, however, no such warnings were given him until after he arrived at the Live Oak Police Station.

The owner of the car appellant had been driving testified that he discovered that his car was missing from his driveway on the morning of July 4, and that he did not give appellant permission to take his automobile. He also established the replacement value of the car at $1,500.00.

In his second ground of error, appellant contends that the first oral statement he made to Niland that the car had been stolen was illegally obtained and thus improperly admitted into evidence over his objection. We agree and reverse.

The State in its brief wisely avoids attempting to justify the admissibility of appellant's original statement to Niland. Rather, the State contends that regardless of what appellant said before Officer Selman explained his rights to him, appellant thereafter *volunteered* to Selman the admissible statement that the car had been

stolen. We must view the totality of the circumstances, *Berry v. State,* 582 S.W.2d 463, 465 (Tex.Cr.App.1979), to determine the voluntariness of both confessions. Under the totality of the circumstances, we find that appellant's statement to Niland was involuntary and thus inadmissible, and the trial court erred in admitting this statement into evidence.

Much was made by the State, in its argument on appellant's motion to suppress the oral statements, of the fact that Niland was not a peace officer and therefore could not have been engaged in custodial interrogation of appellant. This argument misses the point. The basic question is whether a particular statement is voluntary under Tex.Code Crim.Pro.Ann. art. 38.21 (Vernon 1979). The inquiry is whether "... it appears that the [statement] was freely and voluntarily made without compulsion or persuasion...." Before the statement of a criminal defendant can be held admissible, it must be shown both to have been voluntary and to have been taken in compliance with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), of which our art. 38.22 is the statutory embodiment. *Garcia v. State,* 581 S.W.2d 168, 172–173 (Tex.Cr.App.1979); *Ochoa v. State,* 573 S.W.2d 796, 801 (Tex.Cr.App.1978); *Goodnough v. State,* 627 S.W.2d 841, 845 n. 4 (Tex.App.—San Antonio 1982, disc. rev. ref'd).

*Fisher v. State,* 379 S.W.2d 900 (Tex.Cr. App.1964) teaches that a statement can be involuntary and thus inadmissible even if made to a non-peace officer interrogator such as a defendant's employer. In *Fisher,* the employer told the defendant that if the defendant would divulge who had stolen some of the employer's tires and where the tires were located, the employer would help pay for the tires if they had been sold, would not press charges against the defendant, would not call the police and would not fire the defendant. After admitting having stolen the tires, the defendant was fired

and prosecuted, and the employer testified that the defendant had admitted the theft to him. The employer's inducements were held to have created a jury issue on the voluntariness of the statement, and reversal resulted from the trial court's refusal to charge the jury on this question. Although that case involved a confession induced by promise of favorable treatment rather than by coercion, the principle is the same: if the State seeks to use the statement of the defendant against him, it must bear the burden of showing that it was "freely and voluntarily made without compulsion or persuasion."

In this case, the undisputed testimony from the suppression hearing shows that law enforcement intern Niland had appellant face down on the ground with his knee in appellant's back and a finger stuck in the back of appellant's head, threatening, "Don't move or I'll kill you." Under these circumstances, it cannot be seriously contended that the State proved that appellant's self-incriminating response to Niland's question, made while what he was led to believe was a gun was being held to his head, was "freely and voluntarily made...." The trial court thus erred in holding that appellant's statement made in response to Niland's question was voluntarily given, and the evidence was erroneously admitted before the jury.

■ The State contends that appellant's admitting, after having been given art. 38.-22 warnings, that the car was stolen, operated to excuse what had happened before. We must disagree. Under *Payne v. Arkansas,* 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958), the admission into evidence of an involuntary statement made by the accused requires reversal. Admission of an involuntary statement can never constitute harmless error. *Mincey v. Arizona,* 437 U.S. 385, 398, 98 S.Ct. 2408, 2416, 57 L.Ed.2d 290 (1978); *Goodnough v. State, supra,* 627 S.W.2d at 845 n. 4. We therefore sustain appellant's second ground of error.[1]

---

1. In the event of a retrial, the State will have to overcome the presumption that the second, post-warning statement of appellant, that the

car was stolen, was induced by the same coercion that led to the first statement made to Niland. *Wechsler v. State,* 172 Tex.Cr.R. 559,

Given the likelihood of retrial in this case, we shall touch briefly on the other issues in the case. Appellant contends that one of the convictions used for enhancement of punishment was void, because the statute under which appellant was tried as an adult was later voided as unconstitutional. We disagree with the contention.

The evidence shows that appellant was 17 years old when he committed the burglary offense which led to conviction in Cause No. 7178 in the 25th District Court of Guadalupe County in 1968. At that time, Tex.Penal Code Ann. art. 30, § 2 (1967) stated,

No male under 17 years of age and no female under 18 years of age may be convicted of an offense except perjury unless the juvenile court waives jurisdiction and certifies the person for criminal proceedings.

A related civil statute, Tex.Rev.Civ.Stat. Ann. art. 2338–1, § 3 (1967), at that time defined the word "child" to mean any female over ten and under eighteen and any male over ten and under seventeen, and other statutes provided that offenses committed by such a "child" came under the original jurisdiction of the juvenile court. In *Ex parte Matthews*, 488 S.W.2d 434 (Tex.Cr.App.1973), this age distinction based on gender was held unconstitutional, as appellant's brief states. What appellant ignores, however, is that in *Matthews* the petitioner was denied relief even though the gender-based distinction was struck down. The court held that given the severability provisions of the two statutes, the finding of unconstitutionality in one part of the statutes did not affect the provisions of art. 29 and art. 30, § 1 of the then-Penal Code, which taken together authorized prosecution and conviction of any person who was 15 years of age or older at the time of the offense. Under this interpretation, habeas corpus relief was denied.

*Matthews* was revisited in *Ex parte Trahan,* 591 S.W.2d 837 (Tex.Cr.App.1979),

*rehearing denied* 1980. In *Trahan,* it was held that the court had gone further than necessary in *Matthews* in voiding all of the provisions of former art. 2338–1 and former art. 30, § 2, *supra*. The *Trahan* court simply excised the gender-based distinction in the two statutes and held,

... Article 2338–1, Section 2 was fully effective prior to November 1, 1972, to the extent it defined "delinquent child" as a person over the age of 10 years and under the age of 17 years. Article 30 was effective to the extent it provided that no one under 17 years of age could be convicted of an offense other than perjury unless the juvenile court waived jurisdiction and certified him for criminal proceedings [footnotes omitted].

591 S.W.2d at 840. Accordingly, the court held that the partial unconstitutionality found in those statutes did not render Trahan's conviction void. Relief was granted, however, due to the fact that Trahan had been 16 at the time of his offense, but the juvenile court never held any proceedings to waive its exclusive original jurisdiction and certify him for trial as an adult. The appellant in this case, however, admitted that he was 17 when he committed the prior offense in question, so the holding in *Trahan* does not apply to him. The first ground of error is overruled.

In his third ground of error, appellant argues that the operation of the habitual criminal statute, Tex.Penal Code Ann. § 12.42(d) (Vernon 1974), constitutes cruel and unusual punishment in violation of the 8th and 14th Amendments to the United States Constitution. His contention, however, has been decided adversely to his position in *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). *See also Alvarado v. State,* 596 S.W.2d 904 (Tex.Cr. App.1980). The third ground of error is overruled.

In a supplemental brief, appellant attacks the validity of his conviction, contending that in Cause No. 7178, discussed under his

361 S.W.2d 379 (Tex.Cr.App.1962); *Cavazos v. State,* 146 Tex.Cr.R. 144, 172 S.W.2d 348 (Tex. Cr.App.1943). We intimate no view on the

likelihood of the State's succeeding in this venture.

first ground of error, *supra,* the sentence was entered prior to the judgment, rendering that conviction void. He contends that the copy of the sentence in that case which was admitted into evidence shows that sentence was imposed on May 21, 1968, while the judgment was entered on May 22, 1968. Our examination of the record discloses no such irregularity. The judgment and sentence in Cause No. 7178 both appear to have been pronounced on May 21, 1968. Appellant's contention is overruled.

For the reasons stated, the judgment is reversed and the cause is remanded.