773 S.W.2d 13 (1989)
Walter Gilbert CONNOR, Appellant
v.
The STATE of Texas, Appellee.
No. 885-82.
Court of Criminal Appeals of Texas, En Banc.
June 7, 1989.
Susan B. Biggs, San Antonio, for appellant.
Bill M. White, Former Dist. Atty. & Dick Ryman, Elizabeth Taylor & John J. Horn, III, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty. & Alfred Walker, First Asst. State's Atty., Austin, for the State.
Before the court en banc.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW
TEAGUE, Judge.
"We have learned the lesson of history, ancient and modern, that a system of criminal law enforcement which comes to depend on the `confession' will, in the long run, be less reliable and more subject to abuses than a system which depends on *14 extrinsic evidence independently secured through skillful investigation." Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).
The record of this cause reflects that Walter Gilbert Conner, henceforth appellant, was convicted by the jury of committing the offense of felony theft of an automobile. The trial judge assessed punishment, enhanced, at life imprisonment.
On direct appeal, appellant asserted, inter alia, that the trial judge erred in not granting his motion to suppress two oral statements that he made, one to a civilian legal intern and one to the intern's supervisor, a certified Live Oak police officer. The intern obtained his oral statement after he had chased and captured appellant, and then forced him to lie on the ground in a spread-eagle position with his face down on the ground. The intern then put one of his knees in appellant's back. The intern then used a simulated act of threatened physical violence, by causing the first finger on his right hand to resemble the barrel of a loaded pistol and thereafter pointing his finger to the back of appellant's head, first telling appellant not to move or "I'll kill you," and then asking appellant why he had fled, with appellant stating that "the vehicle was stolen." Thereafter, appellant became ill and vomited. When appellant was later questioned by the regular police officer, he again admitted that he had stolen the vehicle that he had previously been driving. The basis of the charge in this cause is the theft of that vehicle.
The District Attorney, in his response brief, argued that appellant's oral statement to the intern was res gestae, and thus admissible evidence; that his second oral statement to the regular police officer was admissible evidence; and that because the trial judge had found that the statements were admissible evidence no further review of that decision should occur. The District Attorney never argued that the doctrine of harmless error was applicable to either confession.
The San Antonio Court of Appeals reversed the trial court's judgment of conviction, finding that "appellant's statement [to the intern] was involuntary and thus inadmissible, and the trial court erred in admitting the statement into evidence." Connor v. State, 640 S.W.2d 374 (Tex.App.-4th 1982). Relying upon Payne v. Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958), the court of appeals then held that the subsequent actions of the regular police officer, by giving appellant the "Miranda" warnings, did not "operate to excuse what had happened before." The court of appeals thus held that the error relating to admitting the oral confession obtained by the intern was incurable error and was not subject to the doctrine of harmless error.
In ruling that appellant's first oral statement was inadmissible evidence, and so tainted the entire trial that the error was incurable error, the court of appeals obviously relied upon the following principles of law that the Supreme Court of the United States had previously enunciated: "The use in a state criminal trial of a defendant's confession obtained by coercionwhether physical or mentalis forbidden by the Fourteenth Amendment ... [E]ven though there may have been sufficient evidence, apart from the coerced confession, to support a judgment of conviction, the admission in evidence, over objection, of the coerced confession vitiates the judgment because it violates the Due Process Clause of the Fourteenth Amendment." Payne v. Arkansas, 356 U.S. 560, 563, 567, 78 S.Ct. 844, 847, 850, 2 L.Ed.2d 975 (1958). Thus, under Payne v. Arkansas, if a coerced confession is found to exist, and same was admitted into evidence over objection during appellant's trial, the admission into evidence of the coerced confession constitutes automatic reversible error.
Other state courts, such as the Colorado Supreme Court, see Hunter v. People, 655 P.2d 374 (Colo.1982), have fairly subscribed to what the court of appeals held in this cause:
The United States Supreme Court has repeatedly held that the harmless error rule does not apply where an issue of voluntariness of a confession is involved. *15 Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
Also see Ringel, Searches & Seizures: Arrests and Confessions, § 30.2(e), at page 30-12; and see and compare Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) (Held, violation of the right to counsel can never be harmless); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (Held, error in depriving a defendant of counsel at his trial is so fundamental that such error cannot be cured); Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (Held, trial before a judge who is not impartial is so fundamentally erroneous that the error cannot be cured); and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) (Held, invalid prior conviction is inherently prejudicial and instructions to disregard same does not make the error harmless.)
However, the Supreme Court of the United States in more recent times has announced that state courts, when considering the effect of a federal constitutional violation, can apply the federally defined harmless error rule of law, see post, in most instances.
Of course, although a state appellate court can construe its comparable state constitutional provisions in a broader fashion than the Supreme Court does, it cannot impinge on decisions of the Supreme Court that concern federally protected rights. In this instance, the State does not argue that the court of appeals erred in holding the first oral statement was inadmissible evidence because it was obtained by the intern through simulated physically coercive tactics; it only argues in its petition for discretionary review that was filed on behalf of the State Prosecuting Attorney that we granted that given what the Supreme Court held in Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972), error in admitting a simulated threatened physically coerced confession may be rendered harmless.
We are unable to agree with the State's argument. Our research to date has not yet revealed a single valid authority that holds that error in admitting into evidence over objection a physically coerced confession of the defendant can become harmless.
The holding in Milton v. Wainwright does not support the State's argument that error in admitting into evidence over objection a simulated physically coerced oral confession of a defendant may become harmless. In Milton v. Wainwright, the Supreme Court was not confronted with error relating to a physically coerced confession. The defendant's statement that was challenged in that cause was obtained through fraud, not through physical coercion. The facts set out in the opinion reflect that after the defendant had been indicted, and who was then represented by counsel, the police planted in the defendant's jail cell an undercover police officer who thereafter obtained incriminating statements from the defendant. The Supreme Court, however, did not pass on whether the statements had been unlawfully obtained, but merely assumed for argument purposes that the challenged testimony should have been excluded. It held that because of the overwhelming evidence of the defendant's guilt, which included three full confessions that had been obtained before he was indicted, if there was error, the error was harmless to the defendant. Four justices dissented, contending first, that under Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), and Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the trial court erred in admitting into evidence the planted undercover police officer's testimony, and secondly, under the harmless error rule laid down in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), i.e., that if it can be stated beyond a reasonable doubt that the error made no contribution to the jury's verdict the error will be deemed harmless, the error was not harmless, but instead was harmful to the defendant.
We, of course, do not and cannot question the Supreme Court's decision that when it comes to federal constitutional violations, "There may be some constitutional errors which in the setting of a particular *16 case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." Chapman v. California, 386 U.S. at 22, 87 S.Ct. at 827.
However, did the Supreme Court in Chapman v. California, when it stated that "there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error," and then by citing in a footnote immediately following that statement its cases of Payne v. Arkansas, Gideon v. Wainwright, and Tumey v. Ohio, as well as its like statement that is set out in footnote 6 in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), with the same citations, not reaffirm what it had stated and held in Payne v. Arkansas, that error in admitting a physically coerced confession can never be harmless error? We find that the question should be answered in the affirmative. Also see and compare Satterwhite v. Texas, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988).
Compulsion by torture, either actual or simulated, has long been offensive to the ordinary person's sense of justice, and a confession obtained by physically coercive means has long been condemned by the Supreme Court of the United States. See Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936); Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941); and Ashcraft v. Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192 (1944). Although these cases involve actual torture, whereas here the oral confession that the intern obtained from appellant was obtained, not by actual physical torture, but was obtained through simulated threatened physical torture, Payne v. Arkansas actually involved a simulated physical torture situation. In Payne v. Arkansas, the Chief of Police threatened the defendant that if he did not confess he would be released into the hands of a lynch mob. However, no lynch mob ever existed.
Therefore, we agree with the holding of the court of appeals that error in admitting an oral confession obtained by threatened physically coercive tactics on the part of an agent of the police is not subject to a harmless error analysis. The judgment of the court of appeals, reversing the trial court's judgment of conviction, is affirmed.
CAMPBELL and DUNCAN, JJ., concur in the result.
WHITE, J., not participating.
CLINTON, Judge, concurring.
The court of appeals found from undisputed testimony that law enforcement intern Edward Niland extracted the inculpatory statement from appellant by coercive means. Connor v. State, 640 S.W.2d 374, 376 (Tex.App.San Antonio 1982).[1] Accordingly, it concluded: "The trial court thus erred in holding that appellant's statement made in response to Niland's question was voluntarily given, and the evidence was erroneously admitted before the jury." Ibid.
In rejecting the State's contention that a similar statement later made to Officer Gary Selman rendered the first one harmless, the San Antonio Court stated, "Admission of an involuntary statement can never constitute harmless error." Ibid. Conceding its PDR was drafted without benefit of the record, the State presented its first question: "(1) Is it true that the admission into evidence of an involuntary statement can never constitute harmless error?" PDR at 2.[2]
*17 Had both more accurately used the descriptive term "coerced" instead of "involuntary," surely we would have refused the State's petition. That admitting a coerced confession is constitutional error was then and still is the law.
In Payne v. Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958), the Supreme Court expressly rejected propriety of looking for harm, explaining that "the admission in evidence, over objection, of a coerced confession vitiates the judgment because it violates the Due Process Clause of the Fourteenth Amendment." Id., at 568, 78 S.Ct., at 850. Only by characterizing as "involuntary" an inculpatory statement coercively extracted from an arrested citizen does the dissent surmise that permitting a jury to consider that statement might be "harmless."
The Supreme Court of the United States has never recanted or overruled Payne v. Arkansas, supra. The best the dissent can do is seize on use of the word "involuntary" to exaggerate out of all reasonable proportion the meaning and significance of Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972), and then conjure circumstantial indications that the decision in Payne is no longer viable. Slip opinion, e.g., 6, n. 1, and 7 ("no such distinction was made in Milton"). Mincey v. Arizona, 437 U.S. 385, 398, 98 S.Ct. 2408, 2416, 57 L.Ed.2d 290 (1978), refutes the notion and that kind of appellate adjudication.
Because the opinion of the San Antonio Court of Appeals is ultimately correct in its application of law to the facts, I join the judgment of this Court.
McCORMICK, Presiding Judge, dissenting.
Appellant, Walter Gilbert Connor, was convicted by a jury for the offense of theft. The trial court, after finding two enhancement paragraphs to the indictment to be true, sentenced appellant to life imprisonment.
Appellant appealed to the San Antonio Court of Appeals. That court reversed appellant's conviction and remanded the case for a new trial. Connor v. State, 640 S.W.2d 374 (Tex.App.San Antonio 1982). We granted the State's petition for discretionary review to determine the correctness of the lower appellate court's determination that the admission of an involuntary statement at a defendant's trial can never constitute harmless error.
On the afternoon of July 4, 1979, Officer Gary Selman of the Live Oak Police Department was on routine patrol. He was accompanied by a college student, Edward Niland, who was serving in a police internship program. Niland would receive academic credit for accompanying police officers while they performed their duties. He was to observe police procedures and assist the officers when appropriate.
While patrolling together, Niland and Selman observed an oncoming car that was exceeding the speed limit. They pursued the vehicle in a chase that reached speeds of almost 100 miles per hour. The driver, later identified as the appellant, finally stopped, abandoned the car, and fled into a wooded area. Selman and Niland pursued him on foot. Niland reached the appellant first. He ordered appellant to lie face down on the ground. Appellant complied. After appellant was in a prone position on the ground, Niland held him to the ground with his knee pressed to appellant's back. Although Niland was unarmed, he pressed his finger to the back of appellant's head and told him not to move or, "I'll kill you." Niland asked appellant why he had fled. Appellant responded that the car he was driving was stolen. Niland then ordered appellant to not make any further statements. Later, Officer Selman arrived. Appellant was handcuffed and taken to the patrol car.
According to Niland's and Selman's testimony at trial, appellant, after he told Niland that the car had been stolen, was given his warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966) and Article 38.22, V.A.C.C.P. Thereafter, while still at *18 the scene, appellant again stated that the car was stolen and also that the trunk contained stolen weapons.
Appellant alleged on appeal that his first oral statement to Niland was made involuntarily and, as such, was improperly admitted into evidence at trial. The Court of Appeals agreed and in reversing appellant's conviction held:
"The State contends that appellant's admitting, after having been given art. 38.22 warnings, that the car was stolen, operated to excuse what had happened before. We must disagree. Under Payne v. Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958), the admission into evidence on an involuntary statement made by the accused requires reversal. Admission of an involuntary statement can never constitute harmless error."
Connor, 640 S.W.2d at 376, citing Mincey v. Arizona, 437 U.S. 385, 398, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) and Goodnough v. State, 627 S.W.2d 841, 845 n. 4 (Tex.App.San Antonio 1982, pet. ref'd).
A majority of this Court now affirms the holding of the Court of Appeals and, in my opinion, erroneously concludes that the admission of the statement of appellant herein is not subject to a harmless error analysis.
In Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the Supreme Court was called upon to decide whether there could be harmless constitutional error. In so finding, the Court wrote "that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." Chapman, 386 U.S. at 21-21, 87 S.Ct. at 826-27 (footnote omitted).
Although the Supreme Court has yet to explicate precisely which constitutional errors would be subject to automatic reversal and which would receive harmless error treatment, the Court has indicated that some constitutional violations, "by their very nature cast so much doubt on the fairness of the trial process itself that, as a matter of law, they can never be considered harmless." Satterwhite v. Texas, 486 U.S. 249, ___, 108 S.Ct. 1792, 1797, 100 L.Ed.2d 284, 293 (1988). The Satterwhite Court listed examples of what it considered to be that type of constitutional deprivation, in a Sixth Amendment context, that would not be subject to a harmless error analysis: Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) (conflict of interest in representation throughout entire proceeding); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (total deprivation of counsel throughout entire proceeding); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) (absence of counsel from arraignment proceeding that affected entire trial because defenses not asserted were irretrievably lost). The Court, nevertheless, indicated that constitutional infractions that merely result in the improper introduction of evidence would be subject to a harm analysis. Justice O'Connor, writing for the majority in Satterwhite, explained:
"Satterwhite urges us to adopt an automatic rule of reversal for violations of the Sixth Amendment.... He relies heavily upon the statement in Holloway that "when a defendant is deprived of his attorney, either throughout the prosecution or during a critical stage in, at least the prosecution of a capital offense, reversal is automatic. Gideon v. Wainwright, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799] (1963); Hamilton v. Alabama, 368 U.S. 52 [82 S.Ct. 157, 7 L.Ed.2d 114] (1961); White v. Maryland, 373 U.S. 59 [83 S.Ct. 1050, 10 L.Ed.2d 193] (1963)." 435 U.S., at 489, 98 S.Ct. at 1181. His reliance is misplaced, however, for Holloway, Gideon, Hamilton, and White were all cases in which the deprivation of the right to counsel affectedand contaminatedthe entire criminal proceeding. In this case the affect of the Sixth Amendment violation is limited to the admission into evidence of Dr. Grigson's testimony. We have permitted harmless error analysis in both capital and noncapital cases where the *19 evil caused by a Sixth Amendment violation is limited to the erroneous admission of particular evidence at trial." (emphasis added). Satterwhite, 486 U.S. at ___, 108 S.Ct. at 1797-98, 100 L.Ed.2d at 294.
Apparently, when the error is such that it either pervades the entire proceedings (or is of such a nature that it is impossible for the appellate court to determine its affect on the proceedings), the error will require reversal without regard to the other evidence introduced during the trial of the case. If, on the other hand as is in this case, the constitutional error merely results in the improper introduction of evidence, the Supreme Court will apply a harmless error analysis.
The Supreme Court has not squarely addressed the issue of whether the admission of an involuntary confession may be harmless since its landmark holding in Chapman. Several earlier decisions by the Court held that the admission of an involuntary confession requires reversal regardless of other evidence indicating guilt. See, e.g., Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Lynumn v. Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963); Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961). See generally Shapiro, Comment NoteSupreme Court Cases Determining Whether Admission of Evidence at Criminal Trial in Violation of Federal Constitutional Rule is Prejudicial Error or Harmless Error, 31 L.Ed.2d 921, 930-932 (1972). And after Chapman, coerced confessions are routinely included when the Court lists constitutional infractions that can never be harmless. See, e.g., Rose v. Clark, 478 U.S. 570, 577, 106 S.Ct. 3101, 3105, 92 L.Ed.2d 460 (1986); Connecticut v. Johnson, 460 U.S. 73, 81-82, 103 S.Ct. 969, 974-75, 74 L.Ed.2d 823 (1983) (plurality opinion); Chapman, 386 U.S. at 23 n. 8, 87 S.Ct. at 828 n. 8. But see Delaware v. Van Arsdall, 475 U.S. 673, 681-682, 106 S.Ct. 1431, 1436-37, 89 L.Ed.2d 674 (1986) (listing only the denial of counsel and trial before a partial trier of fact as constitutional errors requiring automatic reversal). The case after Chapman, most often cited to support the proposition that the introduction of a coerced confession can never be harmless is Payne v. Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958). In Payne, the Supreme Court held the "even though there may have been sufficient evidence, apart from the coerced confession, to support a judgment of conviction, the admission in evidence, over objection, of the coerced confession vitiates the judgment because it violates the Due Process Clause of the Fourteenth Amendment." 356 U.S. at 568, 78 S.Ct. at 850.
Subsequent to Payne and Chapman, however, at least one Supreme Court case has applied the harmless error rule in the context of an alleged involuntary confession. In Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972), the prosecution introduced a confession made by the defendant to a police officer posing as a cell mate. The defendant, who was then represented by counsel, confessed to murder. Before the Supreme Court, the defendant argued that the confession should have been suppressed at trial because it was involuntary under the Fifth Amendment and was obtained in violation of his right to counsel under the Sixth Amendment. The Court affirmed the conviction, writing:
"On the basis of the argument in the case and our examination of the extensive record of petitioner's 1958 trial, we have concluded that the judgment under review must be affirmed without reaching the merits of petitioner's claim. Assuming, arguendo, that the challenged testimony should have been excluded, the record clearly reveals that any error was harmless beyond a reasonable doubt. [Citations omitted.] The jury in addition to hearing the challenged testimony, was presented with overwhelming evidence of petitioner's guilt, including no less than three full confessions that were made by petitioner prior to his indictment." Milton, 407 U.S. at 372-373, 92 S.Ct. at 2175-76.
In short, the Supreme Court applied a harmless error rule to a confession it assumed *20 to be involuntary.[1]
Appellant, in his brief before this Court, insists that an involuntary confession, made involuntary through coercion, is to be treated differently than an involuntary confession obtained through deception or in violation of Miranda. He asserts that coerced confessions should never be subject to a harmless error analysis whereas those confessions obtained through deception or in violation of Miranda would be subject to such analysis. He relies upon Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 2416, 57 L.Ed.2d 290 (1978), a post-Chapman and post-Milton case stating that "any criminal trial use against a defendant of his involuntary statement is a denial of due process of law, `even if there is ample evidence aside from the confession to support the conviction.'" 437 U.S. at 398, 98 S.Ct. at 2416 (emphasis in the original), quoting Jackson v. Denno, 378 U.S. at 376, 84 S.Ct. at 1780 which relied upon Payne.
Although there is support for appellant's position, see United States v. Carter, 804 F.2d 487, 489 n. 3 (8th Cir.1986) (writing that "[o]nly if the word `coerced' is read to include deception, as opposed to physical and mental compulsion, would the harmless-error analysis be inappropriate in the present case"), most cases that have applied a harm analysis to an involuntary confession, have not made the distinction that appellant wants this Court to make. United States v. Murphy, 763 F.2d 202 (6th Cir.1985) cert. denied, 474 U.S. 1063, 106 S.Ct. 812, 88 L.Ed.2d 786 (1986); Harrison v. Owen, 682 F.2d 138 (7th Cir.1982); Meade v. Cox, 438 F.2d 323 (4th Cir.) cert. denied, 404 U.S. 910, 92 S.Ct. 234, 30 L.Ed.2d 182 (1971); United States ex rel. Moore v. Follette, 425 F.2d 925 (2nd Cir.) cert. denied, 398 U.S. 966, 90 S.Ct. 2180, 26 L.Ed.2d 550 (1970); Bush v. State, 523 So.2d 538 (Ala.Crim.App.1988); State v. Dean, 363 S.E.2d 467 (W.Va.1987); State v. Castaneda, 150 Ariz. 382, 724 P.2d 1 (1986); State v. Johnson, 35 Wash.App. 380, 666 P.2d 950 (1983). Indeed, no such distinction was made in Milton.
As appellant's argument presupposes, the degree of trustworthiness attending an involuntary confession will necessarily depend upon the circumstances surrounding procurement of that confessiona confession obtained through deception will be more reliable than a confession obtained through excessive coercive techniques and, accordingly, the coerced confession's use at trial will be far more likely to have prejudiced the defendant against whom it was usedbut appellant's argument fails to consider how the confession will have been utilized at a defendant's trial. For example, if a prosecutor inadvertently refers to a coerced confession in a question posed to the defendant during cross-examination, we, under appellant's reasoning, would have to reverse the conviction no matter that an instruction to disregard was given to the jury. On the other hand, a full written confession obtained through deception, introduced into evidence during the State's case-in-chief, could be affirmed under the harmless error analysis. This would be unreasonable and expose the justice system to the public ridicule sought to be alleviated by creation of the harmless error doctrine. "The harmless-error doctrine recognizes that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence, United States v. Nobles, 422 U.S. 225, 230 [95 S.Ct. 2160, 2166, 45 L.Ed.2d 141] (1975), and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather on the virtually inevitable presence of immaterial error." Delaware v. Van Arsdall, 475 U.S. at 681, 106 S.Ct. at 1436-37. See also Taynor, The Riddle of Harmless Error 50 (1970) (writing that "reversal for error, regardless *21 of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it").
After Chapman, the Supreme Court has consistently made clear that it is the duty of a reviewing court to consider the trial record as a whole and "to ignore errors that are harmless, including most constitutional violations." United States v. Hasting, 461 U.S. 499, 509, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1983) (emphasis added). In the twenty-three years after Chapman, this principle has been applied to a wide variety of constitutional errors, such that applicability of the harmless error doctrine to constitutional error has become the rule rather than the exception. See, e.g., Satterwhite, 486 U.S. at ___, 108 S.Ct. at 1792, 100 L.Ed.2d at 284 (confession obtained in violation of the Sixth Amendment right to counsel); Van Arsdall, 475 U.S. at 684, 106 S.Ct. at 1438 (failure to permit cross-examination); Rushen v. Spain, 464 U.S. 114, 118, 104 S.Ct. 453, 455, 78 L.Ed.2d 267 (1983) (denial of right to be present at trial); Hasting, 461 U.S. at 508-509, 103 S.Ct. at 1980 (improper comment on defendant's failure to testify); Moore v. Illinois, 434 U.S. 220, 232, 98 S.Ct. 458, 466, 54 L.Ed.2d 424 (1977) (admission of witness identification obtained in violation of the right to counsel); Chambers v. Maroney, 399 U.S. 42, 52-53, 90 S.Ct. 1975, 1981-82, 26 L.Ed.2d 419 (1970) (admission of evidence obtained in violation of the Fourth Amendment). The majority errs in failing to do so here. By couching appellant's confession in terms of "a physically coerced confession" and referring to "[c]ompulsion by torture," the majority opinion conjurs up visions of the rack and rubber hoses. Such was clearly not the case reflected in this record. Appellant's "res gestae" excited utterance was not "obtained through simulated physical torture" and is not, in my view, the kind of statement which, if admitted, requires the automatic reversal rule to apply.
In light of the overwhelming evidence of appellant's guilt, and for the other reasons expressed herein, I respectfully dissent.
DAVIS and BERCHELMANN, JJ., join this dissent.
WHITE, J., not participating.
NOTES
[1] Particularly, the San Antonio Court of Appeals found:

"... Niland had appellant face down on the ground with his knee in appellant's back and a finger stuck in the back of appellant's head, threatening, `Don't move or I'll kill you.' Under these circumstances, it cannot be seriously contended that the State proved that appellant's self-incriminating response to Niland's question, made while what he was led to believe was a gun was being held to his head, was `freely and voluntarily made....'" Ibid. (All emphasis throughout this opinion is mine unless otherwise indicated.)
[2] In the court of appeals the State was represented solely by its local district attorney. However, its petition for discretionary review was prepared and filed by the State Prosecuting Attorney.
[1] We have found no later Supreme Court decision casting doubt on Milton and subsequent decisions fail to recognize any inconsistency between that opinion and earlier cases indicating that use of an involuntary confession required automatic reversal. For example, in Connecticut v. Johnson, supra, the Supreme Court cited Payne for the proposition that the introduction of coerced confessions will always be harmful and, in the same paragraph, cited Milton for the proposition that other constitutional errors may be harmless. 460 U.S. at 81-82, 103 S.Ct. at 974-75.