**James Franklin HELTCEL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61670.**

Court of Criminal Appeals of Texas, Panel No. 2.

July 18, 1979.

James S. Bates, Edinburg, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

## OPINION

DOUGLAS, Judge.

Appellant was convicted for the offense of possession of more than four ounces of marihuana. The court assessed punishment at seven years and a $1500 fine, probated.

Heltcel's sole contention is that the evidence is insufficient to support the verdict.

At approximately 2:00 a. m. on the morning of April 14, 1978, L. R. Park, Jr., Refugio Chief of Police, stopped a car driven by appellant for speeding. Park also observed a woman passenger in the front seat and a male passenger in the back feigning sleep. Officer Park saw that appellant's driver's license was expired and received permission from him to search the car for weapons. A pistol was discovered under the front seat. Park noticed that both passengers appeared nervous and he asked the back seat passenger, later identified as Thomas McCain, to sit up. When he did, two brown paper bags containing bricks of marihuana were found where McCain had been lying. Officer Park stated that a search of the rest of the car and its occupants produced no other evidence of marihuana. There was no testimony relating to the smell of marihuana in the car. There was evidence that the car belonged to McCain. Park testified that although appellant appeared "too friendly," he did not make "furtive" gestures or appear to be nervous.

 An accused may jointly possess narcotics or dangerous drugs with another and exclusive possession need not be shown. *Reyes v. State,* 575 S.W.2d 38 (Tex.Cr.App. 1979); *Martinez v. State,* 539 S.W.2d 885 (Tex.Cr.App.1976); *Curtis v. State,* 519 S.W.2d 883 (Tex.Cr.App.1975). Mere presence alone at a place where the contraband is being used or possessed by others, however, does not justify a finding of joint possession. *Underwood v. State,* 571 S.W.2d 7 (Tex.Cr.App.1978); *Ayers v. State,* 570 S.W.2d 926 (Tex.Cr.App.1978). Two elements must be proven: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Reyes v. State,* supra; *Wilkes v. State,* 572 S.W.2d 538 (Tex.Cr.App.1978). In other words, the State must show "additional independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded he had knowledge of the contraband as well as control over it." *Wilkes v. State,* supra; *Ayers v. State,* supra.

There was no proof that appellant had knowledge of the presence of contraband. The marihuana found was in the back seat inside a paper bag which had been secreted under McCain. There was no evidence of a noticeable odor within the car and no other contraband was found either in the car or on appellant's person.

Viewing the evidence in a light most favorable to the verdict, we are constrained to conclude that, under the cases cited above, it is insufficient to affirmatively link appellant to the contraband seized in the vehicle. According to the decisions of the Supreme Court of the United States in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15, this opinion is tantamount to an acquittal.

The judgment is reversed and the prosecution is ordered dismissed.