Manuel Pablo OLGUIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 57962.

Court of Criminal Appeals of Texas, Panel No. 3.

July 9, 1980.

E. X. Martin, III, Dallas, for appellant.

Henry Wade, Dist. Atty., J. T. Langford and John L. Hubble, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

Appeal is taken from a conviction for possession of marihuana less than two ounces. The appellant received a 30 day sentence, which was suspended, and he was placed on six months probation.

The appellant contends that the evidence is insufficient to sustain the conviction. We agree and reverse. The sole witness called in the trial before the court was police officer L. L. Gentry. Gentry testified that on April 30, 1977, he stopped a Ford Pinto station wagon after it pulled away from a stop sign without its lights on, and then turned the wrong way on a one-way street. The officer testified that when he approached the car, he could smell a strong odor of burnt marihuana.

Because the car was not registered to any of the occupants of the vehicle and the police officer had received conflicting stories from the occupants in the car concerning its ownership,[1] Gentry had the car impounded and taken to the police station. At the station, a routine inventory of the car was made. A small quantity of marihuana was found in a baggie under the passenger seat. The appellant, charged with possession of this marihuana, was the driver of the car. On cross-examination, the police officer stated that the appellant was not intoxicated at the time of his arrest. A complete search of the appellant's person at the police station revealed no marihuana, or any drug paraphernalia. The officer testified that he never saw the appellant smoking any marihuana; nor did he see the appellant throw the marihuana under the passenger seat.

To establish unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused

---

1. The appellant told the officer that the car belonged to one of the passengers. Subsequent investigation revealed that the car belonged to one of the passenger's relatives.

knew the matter possessed was contraband. *Harrison v. State*, 555 S.W.2d 736 (Tex.Cr. App.1977); *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App.1976). In *Duff v. State*, 546 S.W.2d 283, 287 (Tex.Cr.App.1977) (Opinion on Motion for Rehearing), this Court stated:

> "Possession of marihuana, however, need not be exclusive and evidence which shows that the [defendant] jointly possessed the marihuana with another is sufficient. (citations omitted) Mere presence at a place where narcotics or dangerous drugs are possessed does not in itself justify a finding of joint possession."

In this case, there was evidence that at some time marihuana had been smoked in the car. There was no testimony as to whether the marihuana had been smoked recently. The appellant was the driver of the car. The marihuana was under the seat on the passenger side. It is not clear from the record how many persons were in the car.[2] The appellant did not own the car.

 Where the accused is not in the exclusive control of the place where the contraband is found, it cannot be concluded that he had knowledge of the contraband and control of it unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Duff v. State*, supra. See *Heltcel v. State*, 583 S.W.2d 791 (Tex.Cr.App.1979); *Wiersing v. State*, 571 S.W.2d 188 (Tex.Cr. App.1978). There was no showing by independent facts and circumstances that the appellant exercised care, control or management over the contraband. As there is insufficient evidence to show possession of the contraband, the judgment is reversed, and remanded to the trial court with instructions to enter a judgment of acquittal.

2. The following statement by the witness on cross-examination seems to indicate that more than two persons were in the car.

> "Q. Okay. Did he say something to that effect, it [the car] belonged to the passenger, Danny Luna?
> A. He didn't give a name at the time.

> Q. Okay, but isn't that who he indicated was the Mexican male in the front seat?
> A. Well, I don't recall him indicating anyone *other than one of the occupants of the car* at that time."
> (Emphasis added)