**Jonathan Lamont GLOVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0430–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 18, 1985.

Brian W. Wice, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Herbert Burns, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and DUNN and COHEN, JJ.

## OPINION

DUNN, Justice.

The appellant was convicted by a jury of the offense of burglary of a habitation. His punishment, enhanced by one prior conviction, was assessed by the court at 17 years imprisonment. We affirm the judgment of the trial court.

Appellant's sole ground of error is that the evidence presented at trial was insufficient to sustain the jury verdict. Because the sufficiency of the evidence is challenged, we will discuss the facts in some detail.

The state's witness, Robert Brady, identified the appellant at trial as one of two men whom he saw standing next to his neighbor's car in the parking lot of their apartment complex at approximately 2:30 a.m. on the morning of April 15, 1984. Brady testified that the trunk of the car was open and that he noticed several large boxes inside. When the two men saw Brady, they jumped into the car and sped off in the general direction of the Southwest Freeway, which was about one-half mile from the apartment complex.

Brady then went into his neighbor's apartment, after seeing that the door of the apartment was wide open, and awakened the complainant and the complainant's girlfriend, who called both the apartment's security force and the Houston police.

Officers Krol, Sanders, and Hernsberger of the Houston Police Department testified that they had become involved in a high-speed chase on the Southwest Freeway at approximately 2:30 a.m. on April 15, 1984.

The engine of the speeding car was blown in an attempt to escape the police, and the passenger fled as the car coasted to a stop. He was captured by police officers five minutes later and placed under arrest along with the driver of the car. The fact that the speeding automobile was owned by the complainant was not disputed, and all three officers identified the appellant as the passenger of the car.

According to the testimony of the Houston police officers, the appellant made no statement to the police at the time of his arrest. Officer Sanders also testified that stereo speakers and a television were found in the trunk of the car.

The state further showed, by Brady's testimony, that the appellant was seen outside the complainant's burglarized apartment and that he was there for no apparently legitimate purpose at an unreasonable hour of the night. This circumstantial evidence, including the testimony of police officers that the appellant subsequently fled from the complainant's car, which contained the complainant's personal property, is sufficient to support a conviction for burglary of a habitation. *See Taylor v.*

*State,* 630 S.W.2d 469, 472 (Tex.App.—San Antonio 1983, no pet.).

To rebut the evidence presented by the state, the defense presented Michael Caster, the other man Brady saw standing next to the complainant's car. Caster was the driver of the car stolen from the victim of the burglary in this case, and at the time of trial was serving a seven-year sentence for that auto theft.

Caster testified that he had been talking with the appellant on the evening of April 14, 1984, at the Change of Pace Club, which is located a few blocks from the complainant's apartment complex. An officer of the Houston Police Department, while on patrol, had seen the two behind the club and had talked with them briefly.

Caster further testified that he left the club on foot, and caught up with a friend, Tim Townsend, at a point near the apartment complex. When they noticed the complainant's car with the keys in the trunk, they opened the trunk and saw several boxes inside. Caster then asked Townsend, "Do you want to steal this car?"; upon receiving an affirmative answer, both men got into the complainant's car and drove away. Caster testified that he did not know how the complainant's property got into the car, and that he didn't know for sure, but he thought that Townsend had burglarized the complainant's apartment.

According to Caster's testimony, Tim Townsend found a purse in the car containing approximately $200. He gave $100 of that amount to Caster, took the purse, and got out of the automobile.

Caster then drove around for approximately five minutes, saw the appellant jogging down Glenmont Street, and offered him a ride. The appellant accepted Caster's offer and the two drove to the Southwest Freeway, where they were chased and ultimately arrested by officers of the Houston Police Department. Caster stated that he informed Officer Krol and Officer Sanders at the scene that the appellant was "not responsible for this."

On re-direct examination by the state, Officer Krol testified that Michael Caster, at the time of his arrest, had stated that he and the appellant had "split the money." The cash found on the two men totalled approximately $180, the amount the complainant stated was in the wallet stolen from his apartment.

The appellant cites *Olguin v. State,* 601 S.W.2d 941 (Tex.Crim.App.1980), and *Naquin v. State,* 607 S.W.2d 583 (Tex.Crim. App.1980), for the proposition that possession of stolen property is not established merely by showing that the accused was the driver or passenger of the car in which the items were found. In *Olguin,* the Court held that "where the accused is not in the exclusive control of the place where the contraband is found, it cannot be concluded that he had knowledge of the contraband and control of it unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." 601 S.W.2d at 943. The *Naquin* court stated that "an affirmative link may be established by showing additional facts and circumstances which indicate the accused's control and knowledge of the contraband." 607 S.W.2d at 586.

Here, the appellant's presence outside the burglarized apartment, the virtually immediate apprehension of the appellant with the stolen goods, and the fact that the appellant and Caster had been seen together earlier in the evening only a few blocks from the scene of the offense constitute sufficient independent facts and circumstances to affirmatively link the appellant to the stolen property. Caster's explanation for the appellant's possession of recently stolen property was not made at the time of the arrest of either Caster or the appellant, nor was it sufficient to rebut the circumstances of that possession. The truth or falsity of an explanation may be shown by circumstantial evidence and determined by the jury in light of all of the facts. *See Callahan v. State,* 502 S.W.2d 3 (Tex.Crim.App.1973).

In *McLemore v. State*, 638 S.W.2d 211 (Tex.App.—Houston [1st Dist.] 1982, no pet.) also cited by the appellant, this court held that:

> An inference or presumption of a defendant's guilt of burglary or of a theft sufficient to sustain a conviction may arise from the appellant's possession of property stolen or taken in a recent burglary. However, in the prosecution for either theft or burglary, to warrant such an inference or presumption of guilt from the circumstances of possession *alone,* such possession must be recent, must be unexplained, and must involve a distinct and conscious assertion of right to the property by the defendant.

638 S.W.2d at 214, citing *Rodriguez v. State*, 549 S.W.2d 747 (Tex.Crim.App.1977) (emphasis added).

In *McLemore,* the state failed to discredit the appellant's reasonable and sufficient explanation, which was given by him at the scene of the arrest, and the judgment of the trial court was reversed. The instant case is readily distinguishable from *McLemore;* here, the inference of the appellant's guilt is not based upon possession alone.

As we stated in *Medrano v. State*, 658 S.W.2d 787 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd):

> Guilt of the offense of burglary can be established circumstantially by the combined and cumulative force of all the incriminating circumstances, but proof of guilt by accompanying circumstances is subject to the same rigorous standard required of direct evidence, i.e., proof beyond a reasonable doubt. In deciding whether circumstantial evidence is sufficient to support a conviction, each case must necessarily be tested by its own facts.... Evidence that a house has been burglarized, together with the accused's unexplained possession of some of the property recently stolen from the house, is sufficient to support a conviction for burglary. *Id.* at 790.

Considering the entire record, we find there was sufficient evidence from which

the jury could conclude that every reasonable hypothesis other than the appellant's guilt of the offense of burglary was excluded. The appellant's sole ground of error is overruled and the judgment of the trial court is affirmed.