Greg Glass, Herb H. Ritchie, Houston, for appellant.

John B. Holmes, Jr., William J. Delmore, III, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

**William Roy O'SHEA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14-87-083-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 22, 1987.

## OPINION

PAUL PRESSLER, Justice.

Appellant was convicted of possession of over twenty-eight grams of a controlled substance. The trial court assessed punishment at five years confinement and a one dollar ($1.00) fine. We affirm.

An informant told the Pasadena police department that two white males would be in possession of a controlled substance in a silver 1982 Datsun pickup truck. The informant specified the time and place as well as the license number of the truck. Upon arrival, the police found the truck. Appellant O'Shea was in the driver's seat, and William Moon was in the passenger's seat. O'Shea got out and raised the truck's hood while Moon walked around to the driver's side. Each looked around the parking lot as they performed these acts. Moon took a brown paper bag from the

truck and put it beside a dumpster near the rear of the store.

The police arrested the pair and confiscated the bag. Lab tests showed the bag's contents to be 1800 grams of methaqualone, a controlled substance.

The trial court held a suppression hearing in which it considered the stipulated testimony of the police officers and of codefendant Moon. *See* TEX.CODE CRIM. PROC. art. 28.01 § 1(6). Moon's testimony was that he and appellant O'Shea conspired to possess and sell the drugs. The court denied the motion to suppress. Appellant then waived his right to a jury trial and pled not guilty.

■ In his first point of error, appellant contests the sufficiency of the evidence. The evidence must be viewed in the light most favorable to the judgment. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex. Crim.App.1984). A conviction cannot stand solely upon an accomplice's testimony. There must be corroboration. TEX.CODE CRIM.PROC. art. 38.14; *Holladay v. State*, 709 S.W.2d 194, 200 (Tex.Crim.App. 1986). That corroborating evidence need not be enough to establish guilt, but it must connect or link the accused with the commission of the offense. *Brown v. State*, 672 S.W.2d 487, 488 (Tex.Crim.App. 1984).

■ The numerous precedents involving vehicles and drug possession set forth several factors to be considered in judging the sufficiency of the evidence.[1] Those factors include the following:

(1) whether the accused was alone;

if not, then also

(a) whether the accused was the driver; and

(b) whether the accused acted in concert with the other occupants, evincing a common purpose;

(2) whether the accused acted furtively, indicating guilt;

(3) whether the accused owned the car;

(4) whether the accused was in physical proximity to the contraband; and

(5) whether the accused could see or smell the contraband.

Here the appellant was not alone. He was the driver. He looked around the parking lot with Moon. While appellant did not own the truck, his father did. The contraband was taken from appellant's side of the truck. Viewing the evidence in the light most favorable to the judgment, there was enough corroboration to link appellant with commission of the offense. Point of error one is overruled.

Points of error two through five complain of the denial of appellant's motion to suppress. Appellant presented questions which he would have asked the police officers had they been present. The trial court refused such questions. It also rejected appellant's constitutional challenge to conducting the hearing without live witnesses. *See* art. 28.01 § 1(6), *supra*.

■ Appellant must first show a privacy interest in the bag in order to have standing to contest its seizure and seek its suppression as evidence. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Wilson v. State*, 692 S.W.2d 661 (Tex.Crim.App.1984). Although the standing issue is theoretically inseparable from the "merits" of a search and seizure challenge, these concepts should preferably be treated as distinct. W. LAFAVE & J. IS-RAEL, CRIMINAL PROCEDURE § 9.1, at 415 (1985). Appellant has shown no protected privacy interest in the bag. He

---

1. *See Travis v. State*, 638 S.W.2d 502 (Tex.Crim. App.1982); *Bush v. State*, 631 S.W.2d 760 (Tex. Crim.App.1982); *Johnson v. State*, 625 S.W.2d 330 (Tex.Crim.App.1981); *Olguin v. State*, 601 S.W.2d 941 (Tex.Crim.App.1980); *Heltcel v. State*, 583 S.W.2d 791 (Tex.Crim.App.1979); *Reyes v. State*, 575 S.W.2d 38 (Tex.Crim.App. 1979); *Hernandez v. State*, 538 S.W.2d 127 (Tex. Crim.App.1976); *Terrill v. State*, 531 S.W.2d 642 (Tex.Crim.App.1976); *Buitron v. State*, 519 S.W. 2d 467 (Tex.Crim.App.1975); *Boykin v. State*, 516 S.W.2d 946 (Tex.Crim.App.1975); *Woolridge v. State*, 514 S.W.2d 257 (Tex.Crim.App.1974); *Lane v. State*, 659 S.W.2d 450 (Tex.App.—Houston [14th Dist.] 1983, no pet.); *Albert v. State*, 659 S.W.2d 41 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

*See also* 2 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 1538 (Texas Practice 3d ed. 1980).

could not because the bag was abandoned. *See Clapp v. State,* 639 S.W.2d 949 (Tex. Crim.App.1982) (abandonment of objects found swirling in a toilet); *Garcia v. State,* 704 S.W.2d 512 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd) (abandonment of a suitcase at an airport). Points of error two through five are overruled.

The judgment is reformed to show that appellant entered a not guilty plea. Otherwise the conviction is affirmed.