NO. 07-03-0236-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 20, 2003


______________________________



MICHAEL MAHAN, 


 

 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-401,254; HONORABLE WILLIAM R. SHAVER, JUDGE


_______________________________





Memorandum Opinion


_______________________________


Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Via two issues, appellant Michael Mahan contests his convictions under two counts
for manufacture of a controlled substance of less than 400 grams but at least 200 grams
and possession of a controlled substance with intent to deliver of less than 400 grams but
at least 200 grams. In those issues, he contends the evidence is insufficient to sustain the
convictions and he should have received instructions on lesser-included offenses. We
affirm the judgment.




Background


 On July 3, 2003, Anna Blakemore, who lived at 5018 45th Street in Lubbock with her
common law husband Eddie Metzig, made a 911 call to police from the residence and
reported that a white van carrying appellant, Rick Bedwell, and Mary Taylor had pulled into
her driveway and the occupants were cooking methamphetamine. After calling police,
Blakemore told Taylor that the police had been notified, and Taylor ran to the van and told
Bedwell and appellant. The three of them began unloading items from the van into the
living room of the residence. When the police arrived, appellant, Bedwell, and Taylor were
gone. However, one officer noticed in the alley three individuals matching their
description. Bedwell and Taylor were taken into custody. Appellant escaped and later told
others that he hid in nearby bushes. 

 The items removed from the van included apparatus used in the manufacture of
methamphetamine as well as methamphetamine itself. Appellant was arrested
approximately a month later driving the same white van in Oklahoma.

 Issue One - Accomplice Evidence 

 In his first issue, appellant challenges the legal and factual sufficiency of the
evidence to sustain the conviction. We overrule the issue.

 Appellant argues that the testimony of Eddie Metzig is the only evidence that places
him by the cooking apparatus in the van and, because Metzig is an accomplice, there must
be additional corroboration of that fact in order to prove possession and manufacture of
the methamphetamine. Thus, he contends, if Metzig's testimony is erased, there is no
other testimony establishing that he was cooking the drug. 

 A defendant cannot be convicted upon the testimony of an accomplice unless it is
corroborated by other evidence tending to connect the defendant with the offense
committed, and the corroboration is insufficient if it merely shows the commission of the
offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). While appellant couches
his issue in terms of legal and factual sufficiency, accomplice witness corroboration is not
reviewed under those standards. Cathey v. State, 992 S.W.2d 460, 462-63 (Tex. Crim.
App. 1999), cert. denied, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000). In
conducting a sufficiency review under the accomplice witness rule, the court eliminates the
accomplice testimony from consideration and examines the record to see if any evidence
tends to connect the defendant to the commission of the offense. Solomon v. State, 49
S.W.3d 356, 361 (Tex. Crim. App. 2001). The evidence does not have to directly link the
defendant to the crime or establish his guilt beyond a reasonable doubt. McDuff v. State,
939 S.W.2d 607, 613 (Tex. Crim. App. 1997). 

 Anna Blakemore testified that appellant along with Mary Taylor and Rick Bedwell
unloaded the contents of a methamphetamine lab from a van that was parked in her
driveway. Methamphetamine was also found among the contents of the lab. Appellant
and the others left on foot before the police arrived. Barbara Taylor, the mother of Mary
Taylor, additionally testified that several days later, appellant told her and Mary that he
had hidden in the bushes on the day of the incident to avoid being arrested. Further,
appellant was arrested in Oklahoma approximately a month later driving the same white
van from which the methamphetamine lab had been unloaded. 

 Proof that the accused was at or near the place where the crime occurred at or
about the time it happened along with other circumstances can be sufficient corroboration
to support a conviction. Cox v. State, 830 S.W.2d 609, 611 (Tex. Crim. App. 1992). Other
suspicious circumstances may include subsequent flight. Cruz v. State, 690 S.W.2d 246,
250 (Tex. Crim. App. 1985); Gipson v. State, 819 S.W.2d 890, 892 (Tex. App.--Dallas
1991), aff'd, 844 S.W.2d 738 (Tex. Crim. App. 1992). In the case at bar, 1) appellant was
at the residence of the accomplice in a van which contained a methamphetamine lab, 2)
he assisted in unloading the lab from the van, 3) he fled from the scene before the arrival
of police and hid in the bushes to avoid arrest, and 4) sometime later he was arrested in
possession of and exercising control over the same van. These facts are sufficient to
connect appellant to the manufacture and possession of methamphetamine. See O'Shea
v. State, 740 S.W.2d 527, 527-28 (Tex. App.--Houston [14th Dist.] 1987, no pet.) (holding
the evidence was sufficient corroboration of possession of a controlled substance when
the defendant was the driver of a truck owned by his father and he looked around a
parking lot while the passenger took a brown paper bag containing a controlled substance
from the defendant's side of the truck and left it by a dumpster).

 We further note that appellant simply attacks the accomplice testimony suggesting
that he personally cooked the methamphetamine. He does not deny that he was present
during the manufacture of the drug, that he helped unload the manufacturing equipment
from the van, that methamphetamine was being cooked by someone in the group, that he
knew that someone was making the drug, or that he facilitated its manufacture. (1) This is
of import because the trial court included in its instructions to the jury a party charge. 
Thus, irrespective of any accomplice testimony regarding whether he did the actual
cooking, as a party to the manufacturing of the drug he was nonetheless susceptible to
conviction for manufacturing a controlled substance. Tex. Pen. Code Ann. §7.02(a)(2)
(Vernon 2003) (stating that a person is criminally responsible for an offense committed by
another person if, while acting with intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid the other person to
commit the offense). 

Issue Two - Lesser-Included Offenses


 In his second issue, appellant complains of the trial court's refusal to include in its
charge three purportedly lesser-included offenses. The latter consisted of an instruction
on "possession or transport of certain chemicals with intent to manufacture a controlled
substance" as well as instructions for his purported attempt to manufacture or possess
methamphetamine. We overrule the issue.

 As to the instructions about the supposed "attempt" to possess or "attempt" to
manufacture, they are inadequately briefed. Other than alluding to those proposed
instructions as to which he believed himself entitled, appellant said nothing more about
them in his brief. He neither argued nor tried to illustrate (through explanation and citation
to authority) how the proof of the lesser offenses was included within the proof necessary
to establish the charged offense. Nor did he argue or try to illustrate that some evidence
exists permitting a rational factfinder to conclude that if he is guilty of anything it is only of
the offenses of attempted possession or manufacture of a controlled substance. See
Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. ), cert. denied, 510 U.S. 919,
114 S.Ct. 313, 126 L.Ed.2d 260 (1993) (stating that an instruction on a lesser-included
offense is proper when 1) the lesser-included offense is included within the proof
necessary to establish the offense charged, and 2) some evidence exists in the record that
would permit a rational jury to find that if the defendant is guilty, he is guilty only of the
lesser offense). Having failed in that regard, he waived his complaint. Tex. R. App. P. 
38.1(h) (requiring appellant's brief to contain a clear and concise argument for the
contentions made with appropriate citations to authorities and to the record); Jackson v.
State, 50 S.W.3d 579, 591 (Tex. App.--Fort Worth 2001, pet. ref'd) (holding that the
defendant waived his right to complain on appeal by failing to present any argument or 
authority supporting his point of error).

 As to the supposed lesser offense of possessing or transporting certain chemicals
with the intent to make methamphetamine, we again view the party charge as a bar to his
success. In other words, appellant suggested that the evidence showed he may have only
possessed or transported various chemicals with the intent to manufacture that substance
because someone else actually made the drug. Yet, if he did that and he effectively aided
another person to make the drug, then he would not simply be guilty of a lesser offense. 
This is so because that conduct illustrates his status as a party. And, as a party to the
manufacturing of a controlled substance, he may be convicted for the greater offense of
manufacturing the drug. Tex. Pen. Code Ann. §7.02(a)(2) (Vernon 2003). Thus,
appellant's argument falls short of illustrating that if he is guilty of anything it is only of
committing the lesser offense, as mandated by Rousseau.

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn 

 Justice

Do not publish.
1. Indeed, under issue two appellant argues that the evidence was sufficient to illustrate that he
possessed or transported chemicals used to make the drug "with intent to manufacture [the] controlled
substance." 



xt-align: justify; line-height: 0.416667in">          We have before us a trial wherein prior inconsistent statements uttered by Lozano
were received into evidence. Though the jury was arguably limited to considering them
solely for impeachment purposes, see Adams v. State, 862 S.W.2d 139, 147 (Tex. App.–
San Antonio 1993, pet. ref’d), appellant did not ask for an instruction having that effect.


 
Furthermore, Lozano was one of the first witnesses to testify. So, throughout the
presentation of evidence during the guilt/innocence phase of the proceeding, nothing
precluded the jurors from considering her statement to the officer for any and all purposes,
as per Delgado and Garcia. Yet, when directed to retire and decide appellant’s fate, those
jurors were told to restrict the purposes for which they could weigh the prior statements. 
This placed them in the exact situation the Court of Criminal Appeals sought to avoid in
Garcia, Hammock, and Delgado. They were asked to do what that Court deemed
“impossible” in Hammock, that is, to somehow forget about how they viewed the statement,
its effect upon their perception of innocence or guilt, and its unbridled interaction with the
other evidence they heard. Given the similarity between the concerns voiced in Hammock
to those before us, we see no reason why the holding in it, Garcia, and Delgado should not
apply to the situation at bar. Consequently, the limiting instruction at bar came too late. 
          Our jury was free to consider the evidence for all purposes since it was not
instructed otherwise when it first heard it. So, since it was free to so consider the
statement as evidence of appellant’s guilt if it so chose, logic dictates that we too may do
so in determining whether the jury’s verdict enjoyed evidentiary support. And, to the prior
statement we add Lozano’s admissions at trial illustrating that appellant was pacing, that
they went to the bedroom, that appellant was yelling at her, and that appellant pushed her
down on the bed and sat on her legs during the fight. The total derived is more than some
evidence upon which a rational factfinder could conclude, beyond reasonable doubt, that
appellant committed the assault for which he was convicted. Moreover, Lozano’s
recantation and previously undisclosed explanation for her bruises was something the jury
was free to accept or reject. See Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim.
App. 1991) (recognizing that the jury could disbelieve a witness’ recantation). And, in
apparently rejecting her new story, the jury could lawfully find him culpable without fearing
that the evidence of guilt was weak or overwhelmed by contradictory evidence.
          Accordingly, we hold that the evidence of record was both legally and factually
sufficient to support the verdict and, therefore, affirm the trial court’s judgment.
 
                                                                           Brian Quinn
                                                                          Chief Justice

Publish.