NO. 07-03-0236-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 20, 2003

_____

MICHAEL MAHAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-401,254; HONORABLE WILLIAM R. SHAVER, JUDGE

_____

*Memorandum Opinion*

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Via two issues, appellant Michael Mahan contests his convictions under two counts for manufacture of a controlled substance of less than 400 grams but at least 200 grams and possession of a controlled substance with intent to deliver of less than 400 grams but at least 200 grams. In those issues, he contends the evidence is insufficient to sustain the convictions and he should have received instructions on lesser-included offenses. We affirm the judgment.

### Background

On July 3, 2003, Anna Blakemore, who lived at 5018 45th Street in Lubbock with her common law husband Eddie Metzig, made a 911 call to police from the residence and reported that a white van carrying appellant, Rick Bedwell, and Mary Taylor had pulled into her driveway and the occupants were cooking methamphetamine. After calling police, Blakemore told Taylor that the police had been notified, and Taylor ran to the van and told Bedwell and appellant. The three of them began unloading items from the van into the living room of the residence. When the police arrived, appellant, Bedwell, and Taylor were gone. However, one officer noticed in the alley three individuals matching their description. Bedwell and Taylor were taken into custody. Appellant escaped and later told others that he hid in nearby bushes.

The items removed from the van included apparatus used in the manufacture of methamphetamine as well as methamphetamine itself. Appellant was arrested approximately a month later driving the same white van in Oklahoma.

### Issue One - Accomplice Evidence

In his first issue, appellant challenges the legal and factual sufficiency of the evidence to sustain the conviction. We overrule the issue.

Appellant argues that the testimony of Eddie Metzig is the only evidence that places him by the cooking apparatus in the van and, because Metzig is an accomplice, there must be additional corroboration of that fact in order to prove possession and manufacture of

2

the methamphetamine. Thus, he contends, if Metzig's testimony is erased, there is no other testimony establishing that he was cooking the drug.

A defendant cannot be convicted upon the testimony of an accomplice unless it is corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is insufficient if it merely shows the commission of the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). While appellant couches his issue in terms of legal and factual sufficiency, accomplice witness corroboration is not reviewed under those standards. *Cathey v. State,* 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999), *cert. denied,* 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000). In conducting a sufficiency review under the accomplice witness rule, the court eliminates the accomplice testimony from consideration and examines the record to see if any evidence *tends* to connect the defendant to the commission of the offense. *Solomon v. State,* 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). The evidence does not have to directly link the defendant to the crime or establish his guilt beyond a reasonable doubt. *McDuff v. State,* 939 S.W.2d 607, 613 (Tex. Crim. App. 1997).

Anna Blakemore testified that appellant along with Mary Taylor and Rick Bedwell unloaded the contents of a methamphetamine lab from a van that was parked in her driveway. Methamphetamine was also found among the contents of the lab. Appellant and the others left on foot before the police arrived. Barbara Taylor, the mother of Mary Taylor, additionally testified that several days later, appellant told her and Mary that he had hidden in the bushes on the day of the incident to avoid being arrested. Further,

3

appellant was arrested in Oklahoma approximately a month later driving the same white van from which the methamphetamine lab had been unloaded.

Proof that the accused was at or near the place where the crime occurred at or about the time it happened along with other circumstances can be sufficient corroboration to support a conviction. *Cox v. State,* 830 S.W.2d 609, 611 (Tex. Crim. App. 1992). Other suspicious circumstances may include subsequent flight. *Cruz v. State,* 690 S.W.2d 246, 250 (Tex. Crim. App. 1985); *Gipson v. State,* 819 S.W.2d 890, 892 (Tex. App.--Dallas 1991), *aff'd,* 844 S.W.2d 738 (Tex. Crim. App. 1992). In the case at bar, 1) appellant was at the residence of the accomplice in a van which contained a methamphetamine lab, 2) he assisted in unloading the lab from the van, 3) he fled from the scene before the arrival of police and hid in the bushes to avoid arrest, and 4) sometime later he was arrested in possession of and exercising control over the same van. These facts are sufficient to connect appellant to the manufacture and possession of methamphetamine. *See O'Shea v. State,* 740 S.W.2d 527, 527-28 (Tex. App.--Houston [14[th] Dist.] 1987, no pet.) (holding the evidence was sufficient corroboration of possession of a controlled substance when the defendant was the driver of a truck owned by his father and he looked around a parking lot while the passenger took a brown paper bag containing a controlled substance from the defendant's side of the truck and left it by a dumpster).

We further note that appellant simply attacks the accomplice testimony suggesting that he personally cooked the methamphetamine. He does not deny that he was present during the manufacture of the drug, that he helped unload the manufacturing equipment from the van, that methamphetamine was being cooked by someone in the group, that he

4

knew that someone was making the drug, or that he facilitated its manufacture.[1]  This is of import because the trial court included in its instructions to the jury a party charge.  Thus, irrespective of any accomplice testimony regarding whether he did the actual cooking, as a party to the manufacturing of the drug he was nonetheless susceptible to conviction for manufacturing a controlled substance.  TEX. PEN. CODE ANN. §7.02(a)(2) (Vernon 2003) (stating that a person is criminally responsible for an offense committed by another person if, while acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense).

### *Issue Two - Lesser-Included Offenses*

In his second issue, appellant complains of the trial court's refusal to include in its charge three purportedly lesser-included offenses.  The latter consisted of an instruction on "possession or transport of certain chemicals with intent to manufacture a controlled substance" as well as instructions for his purported attempt to manufacture or possess methamphetamine.  We overrule the issue.

As to the instructions about the supposed "attempt" to possess or "attempt" to manufacture, they are inadequately briefed.  Other than alluding to those proposed instructions as to which he believed himself entitled, appellant said nothing more about them in his brief.  He neither argued nor tried to illustrate (through explanation and citation to authority) how the proof of the lesser offenses was included within the proof necessary

---

[1]Indeed, under issue two appellant argues that the evidence was sufficient to illustrate that he possessed or transported chemicals used to make the drug "with intent to manufacture [the] controlled substance."

to establish the charged offense. Nor did he argue or try to illustrate that some evidence exists permitting a rational factfinder to conclude that if he is guilty of anything it is only of the offenses of attempted possession or manufacture of a controlled substance. *See Rousseau v. State,* 855 S.W.2d 666, 672-73 (Tex. Crim. App. ), *cert. denied,* 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993) (stating that an instruction on a lesser-included offense is proper when 1) the lesser-included offense is included within the proof necessary to establish the offense charged, and 2) some evidence exists in the record that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense). Having failed in that regard, he waived his complaint. TEX. R. APP. P. 38.1(h) (requiring appellant's brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record); *Jackson v. State,* 50 S.W.3d 579, 591 (Tex. App.--Fort Worth 2001, pet. ref'd) (holding that the defendant waived his right to complain on appeal by failing to present any argument or authority supporting his point of error).

As to the supposed lesser offense of possessing or transporting certain chemicals with the intent to make methamphetamine, we again view the party charge as a bar to his success. In other words, appellant suggested that the evidence showed he may have only possessed or transported various chemicals with the intent to manufacture that substance because someone else actually made the drug. Yet, if he did that and he effectively aided another person to make the drug, then he would not simply be guilty of a lesser offense. This is so because that conduct illustrates his status as a party. And, as a party to the manufacturing of a controlled substance, he may be convicted for the greater offense of

6

manufacturing the drug.  Tᴇx. Pᴇɴ. Cᴏᴅᴇ Aɴɴ. §7.02(a)(2) (Vernon 2003).  Thus, appellant's argument falls short of illustrating that if he is guilty of anything it is only of committing the lesser offense, as mandated by *Rousseau*.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice

Do not publish.