**Affirmed and Memorandum Opinion filed September 10, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-01041-CR

**SIMEON DESHON STATEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1374615**

## M E M O R A N D U M   O P I N I O N

Appellant Simeon Deshon Staten was convicted of possession with intent to deliver more than four but less than 200 grams of cocaine. Appellant pled true to two enhancement paragraphs, and the State recommended punishment be assessed at twenty-five years in prison. The trial court accepted the recommendation and sentenced appellant to confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice for twenty-five years.

In a single issue, appellant contends the evidence is legally insufficient for a rational juror to conclude beyond a reasonable doubt that he knowingly possessed cocaine. Appellant makes two related arguments to support this assertion. First, he argues that the evidence is legally insufficient to support the finding that he exercised control, management, or care over the cocaine. Second, he argues that the evidence is legally insufficient to support the finding that he had knowledge of the cocaine. We hold the evidence is legally sufficient for a rational juror to find beyond a reasonable doubt that appellant unlawfully possessed a controlled substance. We therefore affirm the trial court's judgment.

## BACKGROUND

Officer Ralph Keller of the Houston Police Department testified that at approximately 3:10 a.m. on January 21, 2013, he and Officer Francisco Sanchez pulled into the parking lot of the Moulin Rouge, a club in Harris County. When the officers pulled into the parking lot, they saw two people sitting inside a parked Dodge Charger. Keller saw that the car had its windows rolled down and its parking lights on. The officers observed appellant sitting in the driver's seat and another person, later identified as Britton McLean, sitting in the passenger seat. Keller testified that he and Sanchez approached the car and noticed smoke coming from the direction of the car and smelled the odor of burnt marijuana coming from the car.

Keller asserted that as he and Sanchez approached, both occupants got out of the car. He noticed that the passenger got out of the car first and appellant got out of the car several seconds later. After both occupants had gotten out of the car, Keller approached the car and noticed a white chunky substance in a plastic bag in the cup holder of the center console. Keller then signaled to Officer Sanchez, who told the two occupants to stop and come back. Keller then searched the car. In

2

addition to the white chunky substance in the center console, he found a bag of marijuana, two scales, and a small capsule containing white powder, which was later identified as methylone. He found the marijuana, scales, and capsule on the floorboard of the driver's side. Keller also testified that he found mail in the glove box that was addressed to appellant. Keller said that he searched the passenger and found nothing on him, so he released him from the scene.

Officer Sanchez testified that after Keller signaled to him, he told the two individuals walking away from the car to stop and come back. The passenger immediately obeyed, turned around and walked back toward him, but appellant did not. Sanchez claims that he instructed appellant to come back six or seven times, but appellant went inside the club instead. Sanchez followed appellant inside the building, pulled his taser, and commanded appellant to come out, at which point appellant complied. Sanchez testified that he searched appellant and found $1,787.00 and the keys to the Dodge Charger. Sanchez gave the keys to Keller so that he could search the vehicle. Sanchez said that before the officers released the passenger from the scene, they instructed him to make an announcement inside the club to find the owner of the car and get him outside. Sanchez asserted that no one came out claiming to own the car, so he and Keller had the car towed.

Appellant was charged with possession of a controlled substance (PCS) with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2010). Officer Sanchez testified that while appellant was being processed into the jail, he asked the officers what he was being charged with. When the officers informed appellant of the charge, appellant asked if the officers could "charge him with just the PCS and not the intent."

A jury convicted appellant of possession of a controlled substance with intent to deliver. This appeal followed.

3

In his sole issue, appellant asserts the evidence is legally insufficient to support his conviction for two reasons. First, he contends that the state failed to prove appellant knowingly possessed cocaine in a car that he did not own. Second, he contends that the state failed to prove appellant knew cocaine was in the car. These two challenges address the element of the charged offense requiring unlawful possession of a controlled substance; they do not address the element of intent to deliver. We therefore examine whether there is legally sufficient evidence for a rational fact finder to conclude beyond a reasonable doubt that appellant knowingly possessed a controlled substance.

## I.    Standard of review and applicable law

We review the sufficiency of the evidence under standards set forth in *Jackson v. Virginia,* considering the evidence in the light most favorable to the verdict and determining whether a rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. 443 U.S. 307, 319 (1979).

When there is conflicting testimony, the "jury is the sole judge of the credibility of witnesses and the weight to be given to their testimonies, and the reviewing court must not usurp this role by substituting its own judgment for that of the jury." *Montgomery v. State,* 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). "To the extent the testimony is inconsistent, the jury as the trier of fact had the ultimate authority to determine the credibility of witnesses and the weight to be given to their testimony." *Herrero v. State,* 124 S.W.3d 827, 833 (Tex. App.— Houston [14th Dist.] 2003, no pet.).

"To prove unlawful possession of a controlled substance, the State must

prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). When, as here, the accused is not in exclusive possession of the place where the contraband is found, the record must contain additional facts and circumstances affirmatively linking the defendant to the contraband. *Id.* at 406. We thus consider appellant's arguments under the affirmative links test, which addresses both the element of control, management, or care and the element of knowledge of contraband. *Watson v. State,* 861 S.W.2d 410, 414 (Tex. App.—Beaumont 1993, pet. ref'd). "An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it." *Haggerty v. State,* 429 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Affirmative links may include

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Evans v. State,* 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006).

"Notwithstanding the preceding laundry list of possible links, there is no set formula of facts that necessitate a finding of an affirmative link sufficient to

5

support an inference of knowing possession." *Hyett v. State,* 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (quoting *Porter v. State,* 873 S.W.3d 729, 732 (Tex. App.—Dallas 1994, pet. ref'd)). "Rather, affirmative links are established by a totality of the circumstances." *Id.* (citing *Sosa v. State,* 845 S.W.2d 479, 483-84 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd)).

## II. There is legally sufficient evidence that appellant knew of the cocaine's existence and exercised control, management, or care over it.

Appellant argues that the state failed to prove he exercised control, management, or care over the cocaine and that he had knowledge of it. We disagree because a number of independent facts and circumstances link appellant to the cocaine in such a way that the jury could reasonably infer he had knowledge of the cocaine and exercised control over it. *See Roberts v. State,* 321 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Regarding factor 1 of the possible links listed in *Evans,* appellant was present when the search was conducted. Regarding factors 2 and 12, the cocaine was found in the cup holder of the center console and was therefore in plain view rather than an enclosed place. Regarding factor 3, appellant was observed sitting in the driver's seat and was therefore near the cocaine, which was easily accessible to him. The fact that the contraband was found in plain view, right next to the driver's seat where appellant was observed sitting, generates a reasonable inference that appellant knew that the cocaine was there. Regarding factor 10, other contraband was found in the car. The marijuana, scales, and methylone were found on the floorboard of the driver's seat where appellant had been sitting. Regarding factor 13, appellant was found with a large amount of cash on him.[1]

---

[1] Appellant was found with approximately $1,787 and argues that this is not a large amount. In *Chase v. State,* defendant "was in possession of between $350 and $400

6

When the officers asked appellant to stop walking away, he disobeyed them and went back inside the club instead, despite acknowledging that he had heard the officers' command. It took Officer Sanchez six or seven times to get appellant to obey his orders. Once he was told that he was being charged with possession of a controlled substance with intent to deliver, appellant requested the charge of "just the PCS and not the intent." This request could reasonably be inferred to constitute an incriminating statement (factor 6), and appellant's conduct throughout the sequence of events could reasonably be inferred to indicate a guilty conscience (factor 14).

Regarding factor 11, appellant argues that he did not own or have the right to possess the car where the drugs were found. This assertion stems from the conflicting testimony of witnesses Tennell Brown and Charles El. At trial, defense witness Brown testified that on the evening of January 20, 2013, he was driving a Dodge Charger that he had purchased one year earlier but had not yet titled in his name. Brown stated that he had picked up appellant and driven to the Moulin Rouge. Brown testified that once they were inside the club, appellant asked for the car keys so that he could get a cigarette out of the car. Brown claimed that that the drugs and scales found in the car belonged to him, but that he had not known they were in the car at the time and had not told appellant that the drugs were in the car.

The State called El, managing partner at Big State Auto and Truck Sales, to testify at trial. El testified that in January 2013, appellant came in to his dealership to purchase a 2006 Dodge Charger SRTA. El stated that appellant took the car for a test drive. Appellant said he would bring it right back but never returned. El

in cash." No. 03-06-00747-CR, 2009 WL 722253, at *1 (Tex. App.—Austin March 19, 2009, no pet.) (mem. op., not designated for publication). The court in *Chase* used this fact to establish factor 13 in *Evans,* concluding that the amount constituted "a large amount of cash." *Id.* at *3.

testified that he received a call from a storage lot a week-and-a-half later, reporting that the car had been towed there. According to El, the car smelled strongly of marijuana when he arrived at the storage lot. When presented with a picture of Brown's driver's license (Defense Exhibit 1), El claimed that he had never seen Brown before.

Though the Dodge Charger was not registered to appellant, the officers found the car keys on his person. The officers observed appellant sitting in the driver's seat. The officers found mail addressed to appellant in the vehicle's glove box. El testified that appellant recently had taken the Dodge Charger from his lot for a test drive and that he had never returned with the car. Though Brown's testimony conflicted with El's, the "jury is the sole judge of the credibility of witnesses and the weight to be given to their testimonies." *Montgomery,* 369 S.W.3d at 192. In a legal sufficiency challenge, "we resolve inconsistencies in the testimony in favor of the verdict." *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). Even though appellant was not the legal owner of the car, the evidence and testimony are sufficient for a rational juror to conclude that appellant exercised control, management, or care over the cocaine. "An analysis as to exclusive possession does not necessarily turn on ownership; rather, the crucial inquiry is who exercised 'actual care, custody, control, or management.'" *Haggerty,* 429 S.W.3d at 6.

*Evans* notes that "[i]t is not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial." *Evans,* 202 S.W.3d at 162. Given the numerous facts that affirmatively link appellant to the cocaine, it was reasonable for the jury to conclude that appellant's "connection with the drug was more than fortuitous." *Evans,* 202 S.W.3d at 161.

Appellant relies on two cases to support his position that the evidence is

insufficient. We conclude that neither case shows that the evidence in this case is insufficient.

In *Roberson v. State*, the defendant was driving a car. 80 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). After he was pulled over, the defendant was cooperative and did not resist the officer at any time. The defendant was accompanied by two passengers, one in the passenger seat and one in the back seat. After the passenger in the front seat got out of the car, the trooper found cocaine on the roadway a few inches from the passenger side of the car and also on the passenger-side floorboard. The cocaine was not in plain view, nor was it proximate or accessible to the defendant driver. The court in *Roberson* concluded that the evidence was insufficient because other than "the fact that [the defendant] was the driver of a car later found to contain cocaine," there was "nothing else to link [him] to the cocaine." *Id.* at 742. In contrast, the evidence in this case showed that the cocaine was in plain view and accessible to appellant, who did not initially cooperate with officers.

In *Heltcel v. State*, the contraband was not in plain view, nor was it proximate or accessible to the defendant. 583 S.W.2d 791, 792 (Tex. Crim. App. [Panel Op.] 1979). The defendant was the driver, and "the marijuana found was in the back seat inside a paper bag which had been secreted under [a passenger]." *Id.* There was also "no evidence of a noticeable odor within the car and no other contraband was found . . . in the car." *Id.* Based on that record, the Court of Criminal Appeals concluded there was insufficient evidence to affirmatively link the defendant to the contraband. *Id.* In our case, however, the cocaine was in plain view and accessible to appellant, there was an odor of marijuana, and other contraband was found on the floorboard of the driver's seat where appellant had been sitting.

The evidence in this case supports a reasonable inference that appellant exercised control, management, or care over the cocaine and that he knew the cocaine was inside the car. "The logical force of the combined pieces of circumstantial evidence in this case, coupled with reasonable inferences from them, is sufficient to establish, beyond a reasonable doubt, that appellant" knowingly possessed the cocaine. *Evans,* 202 S.W.3d at 166. We hold the evidence is therefore legally sufficient to support appellant's conviction. We overrule his sole issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/    J. Brett Busby
       Justice

Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).